IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**WEBB DENTAL ASSOCIATES DMD PA,**

    **Plaintiff,**

v.                                       Case No. 1:20-cv-250-AW-GRJ

**THE CINCINNATI INDEMNITY COMPANY,**

    **Defendant.**

_____/

## ORDER GRANTING MOTION TO DISMISS

COVID-19 and related shutdown orders have hurt many small businesses. Webb Dental Associates DMD, PA—a dental practice—is one of them. ECF No. 9 (FAC) ¶ 41. It sued its property insurance company, The Cincinnati Indemnity Company (CIC), saying CIC should cover those losses. CIC moved to dismiss, arguing that the policy doesn't cover lost income without accompanying physical damage. ECF No. 13. This order grants CIC's motion.

I.

Webb Dental first sued in state court, where it alleged that "the Plaintiff, Webb Dental Associates DMD PA and Tangled Webb Properties d/b/a Gentle Dental Care, (hereinafter "Plaintiff") was and is a Florida corporation with its principal place of business in Florida." ECF No. 1-1 at 5 ¶ 2. Asserting diversity jurisdiction, CIC (an Ohio corporation headquartered in Ohio) removed. ECF No. 1. Then came the

1

amended complaint, which said the plaintiff was a limited liability company—not a corporation. FAC ¶ 1. Concerned about jurisdiction, I issued an order seeking clarity on the nature of the plaintiff entity (or entities). *See* ECF No. 17.

At the hearing, plaintiff's counsel clarified that Webb Dental Associates DMD, PA, is the only plaintiff; that it is a Florida corporation[1] with its principal place of business in Florida; and that Tangled Webb Properties, LLC (the property owner) is neither the named insured nor a proper party. The parties agreed that Tangled Webb should be dropped under Rule 21, and that Webb Dental and CIC are diverse. To the extent Tangled Webb Properties was ever a party, it is now dropped. This court has jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

With that out of the way, I turn to the merits.

## II.

The policy says CIC "will pay for direct 'loss' to Covered Property at the 'premises' caused by or resulting from any Covered Cause of Loss." ECF No. 13-3 at 28 (Section A).[2] The policy defines "Loss" to mean "accidental physical loss or

---

[1] Under Florida law, an entity providing professional services may be organized as a professional corporation. Fla. Stat. § 621.05. Professional corporations may not use the designation "Inc." and must instead use "PA" or something similar. *Id.* § 621.12(3).

[2] CIC attached the policy to its motion to dismiss. ECF No. 13-3. "[A] document attached to a motion to dismiss may be considered . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). At the hearing, the parties agreed that

accidental physical damage," *id.* at 63 (Section G.8.), and a "Covered Cause of Loss" is any direct "Loss" that is not excluded under the policy, *id.* at 30 (Section A.3.a.). The policy also defines "Covered Property," which includes things like buildings and business personal property. *Id.* at 28 (Section A.1.a., d.); *see also id.* at 25.

The policy also provides a coverage extension that provides CIC will pay "for the actual loss of 'Business Income'" if business operations are suspended. *Id.* at 43 (Section A.5.b.(1)). But "[t]he 'suspension' must be caused by direct 'loss' to property at a 'premises' caused by or resulting from any Covered Cause of Loss." *Id.* So the policy's plain, unambiguous language indicates the property must suffer an "accidental physical loss or accidental physical damage," *id.* at 63 (Section G.8.), before any business income loss is covered. *Id.* at 43 (Section A.5.b.(1)); *see also Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (under Florida law, insurance contracts are interpreted according to their plain language).[3]

Webb Dental seems to acknowledge this physical-injury limitation; its theory is that when local orders forced it to limit operations, it sustained a "physical loss." *See* ECF No. 15 at 2 ("As a result of this pandemic, Webb Dental['s] property sustained direct physical loss or damages and will continue to sustain direct physical

---

the policy attached to CIC's motion was authentic, and it is obviously central to Webb Dental's claims.

[3] I reject Webb Dental's suggestion that the relevant policy terms were ambiguous. *See* ECF No. 15 at 20-21.

loss or damages." (quoting FAC ¶ 14)); *see also id.* at 7 (quoting FAC ¶ 20). But Webb Dental acknowledges there has been no physical damage to the property. That is enough to doom its claim.

Webb Dental cannot overcome the lack of physical damage by arguing—as it does—that the policy is an "all risks" policy (as opposed to a "named perils" policy). *See id.* at 6. Under Florida law, "an 'all-risk' policy is not an 'all loss' policy, and thus does not extend coverage for every conceivable loss." *Fayad v. Clarendon Nat'l Ins. Co.*, 899 So. 2d 1082, 1086 (Fla. 2005); *see also Mama Jo's Inc. v. Sparta Ins. Co.*, 823 F. App'x 868, 878 (11th Cir. 2020). And whether the policy is an "all risks" policy or a "named perils" policy—or something else—it remains the insured's burden to show (or at this point, plausibly allege) a covered loss. *See Mama Jo's*, 823 F. App'x at 878 (citing *U.S. Liab. Ins. Co. v. Bove*, 347 So. 2d 678, 680 (Fla. 3d DCA 1977)). Based on the policy's language, Webb Dental cannot do that without alleging physical damage.

The complaint does not allege any physical damage, so Webb Dental has not plausibly alleged a breach of contract. The complaint must be dismissed.

III.

The only question left is whether dismissal should be with prejudice. Webb Dental requested leave to amend, both at the hearing and in its response to CIC's motion. *See* ECF No. 15 at 22 n.7. Counsel said that an amended complaint would

4

address additional policy provisions and clarify which provisions Webb Dental relies on. But counsel did not identify any additional facts that would show physical damage or otherwise establish coverage. And the policy provision she identified at the hearing would do nothing to advance Webb Dental's claim. Any proposed amendment would therefore be futile, so the dismissal is with prejudice. *Cf. Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citation omitted).

It is now ORDERED:

1. CIC's motion to dismiss (ECF No. 13) is GRANTED, and Webb Dental's claims are dismissed with prejudice.

2. The clerk will enter a judgment that says "This case is resolved on a motion to dismiss. The case is dismissed on the merits. Plaintiff shall take nothing from this action."

3. The clerk will then close the file.

SO ORDERED on January 15, 2021.

s/ *Allen Winsor*
United States District Judge